DECKER, APPELLANT, *v.* BOARD OF TAX APPEALS ET AL., APPELLEES.

(No. 518—Decided March 29, 1957.)

*Messrs. Estabrook, Finn & McKee* and *Mr. George H. Strickland,* for appellant.

*Mr. William Saxbe,* attorney general, and *Mr. Chester H. Hummell,* for appellees.

WISEMAN, J.   This is an appeal on questions of law from a decision of the Board of Tax Appeals affirming the order of the Tax Commissioner.   Case No. 518 involves the appeal of Richard Patrick Decker, an owner of common stock of the Val Decker Packing Company, an Ohio corporation, located at Piqua, Miami County, Ohio.   Cases numbered from 519 to 538, inclusive, involve the appeals of 20 other owners of common stock in the corporation.   These 21 appeals involve the same subject matter, facts and applicable principles of law.   The 21 appeals have been consolidated by order of this court under case No. 518, and the judgment of this court in case No. 518 shall be the judgment in each separate appeal.

On January 1, 1955, the appellant, Richard Patrick Decker, owned 62½ shares of common stock in the Val Decker Packing Company, which had failed to pay a dividend for the year 1954.   The company is a closely held corporation, and the stock has never been traded on the open market.   This appellant and the other 20 appellants, in making out their intangible personal property returns for 1955, listed the common stock as unproductive, and placed a value on the stock of $200 per share.   The Tax Commissioner fixed its true value in money at $500 per share, as of January 1, 1955.   Upon appeal, the Board of Tax Appeals affirmed the order of the Tax Commissioner.   From the decision of the Board of Tax Appeals this appeal was taken.

If this court finds the decision of the board is reasonable and lawful, the decision must be affirmed, ''but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.'' Section 5717.04, Revised Code.

Was the decision of the board unreasonable or unlawful in any respect?   There was presented to the board a transcript

of the proceedings before the Tax Commissioner and the testimony of several witnesses called by the appellants, who evaluated the stock at a figure ranging from $200 to $270 per share. One witness called by the Tax Commissioner fixed the value at $500 per share. That witness had made the original determination for the Tax Commisioner.

Appellant assigns as error: The Board of Tax Appeals erred in considering and using, in reaching its decision, evidence and alleged facts not found in the record. On page 4, the entry of the board reads as follows:

"It has become the practice in the industry particularly among the smaller packers, to accumulate earnings and build up a surplus far above capitalization, not only for operating purposes, but out of which dividends to stockholders and reasonable operating losses may be paid and absorbed. Accordingly, a severe annual operating loss may be offset by a succeeding year's profit."

On pages 5 and 6, the entry reads as follows:

"Since this cause was tried before this board on April 24 and 25, the 1956 figures were available to appellant concerning Val Decker's financial position as of January 1, 1956. *Any such figures are of considerable importance in that they would reflect Val Decker's future prospects, a material element in arriving at the common stock value.* For some undisclosed reason the board has not been favored with any 1956 figures. In order to supply this omission, acting under the broad investigational powers vested in the Board of Tax Appeals by Revised Code Section 5717.02, we have made our own investigation of Val Decker reports filed with various taxing departments of the state during the past portion of 1956, which disclose that in 1955 Val Decker paid all preferred stock dividends and a dividend on its common stock. These reports further show that at year's end 1955 its earned surplus was $614,825.76 as against $510,227.31, shown at year's end 1954. Total net assets for the same period are $1,648,597.73 for year's end 1955 as against $1,591,349.35 for the preceding year's end. The 1955 balance sheet shows an amount due banks of $215,000. The same figure for 1956 is $145,000 plus $32,000, notes due officers; total $177,-000. This shows a bettered note payable position of $38,000.

These figures indicate that the corporation had a profitable year's operation in 1955, and bettered its financial position by $100,000.'' (Emphasis ours.)

On page 11 the entry reads as follows:

"Where a considerable operating loss appears in a present given year that would or might suggest liquidation, the future performance of that industry, when available, is of great importance. Neither litigant attempted to enlighten the board on that phase of the facts. It is due to that omission that the board has, in this instance, resorted to the exercising of its broad investigatory powers granted it in Revised Code Section 5717.02, which concludes with this phrase, 'and it may make such investigation concerning the appeal as it deems proper.' ''

"Its 1955 business was good. Its 1956 business promises to be even better. Wet spring weather in the east and dry weather in the corn belt, coupled with recent report of the Department of Agriculture of an under production of hogs and a sustained beef demand, would indicate a rising market this fall and a second profitable year's operation for Val Decker. This is the present prognostication of the Department of Agriculture.''

This evidence is not embraced in the record of evidence certified by the board as required in Section 5717.04, Revised Code.

Counsel for the Tax Commisioner concede that the factual matters embraced in the above quoted excerpts from the entry of the board are not in the record, but contend that broad investigational powers are vested in the board under Section 5717.02, Revised Code, which provides that the board may hear the appeal on the evidence certified by the Tax Commissioner, and upon additional evidence, upon proper application, "and it may make such investigation concerning the appeal as it deems proper.'' Under this statutory provision there is vested in the board broad investigational powers. *Clark* v. *Glander, Tax Commissioner,* 151 Ohio St., 229, 85 N. E. (2d), 291.

Appellant contends that the investigational power of the board, under Section 5717.02, Revised Code, does not permit the use and consideration of alleged facts which were not made a part of the record; that the board attached particular signifi-

cance to these alleged facts; and that the consideration of such evidence was prejudicial. We agree that the investigational powers vested in the board do not confer upon the board the right to consider evidence outside the record. Appellant had no knowledge that the board had considered such evidence until the decision of the board was announced. The appellant was not given an opportunity to explain or refute such alleged facts. A similar question was presented in the case of *Interstate Commerce Commission* v. *Louisville & Nashville Rd. Co.,* 227 U. S., 88, 57 L. Ed., 431, 33 S. Ct., 185. On page 91 Mr. Justice Lamar, writing the opinion for the court, said:

"But the statute gave the right to a full hearing, and that conferred the privilege of introducing testimony, and at the same time imposed the duty of deciding in accordance with the facts proved."

On page 93 it is stated:

"The government further insists that the Commerce Act (36 Stat. 743) requires the commision to obtain information necessary to enable it to perform the duties and carry out the objects for which it was created, and having been given legislative power to make rates it can act, as could Congress, on such information, and therefore its findings must be presumed to have been supported by such information, even though not formally proved at the hearing. But such a construction would nullify the right to a hearing,—for manifestly there is no hearing when the party does not know what evidence is offered or considered and is not given an opportunity to test, explain, or refute. * * * In such cases the commissioners cannot act upon their own information as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense."

In *American Employers' Ins. Co.* v. *Commissioner of Insurance,* 298 Mass., 161, 10 N. E. (2d), 76, the court had before it the question as to the use of the investigational powers of the Commissioner of Insurance in determining classification of risks and premium charges. On page 168 the court said:

"The words of said Section 113B empowering the commissioner to establish premium charges 'after due hearing and investigation' do not authorize him to engage in an outside and independent research designed to elucidate new facts and to use the results thus obtained, without submitting them as evidence to the scrutiny of all parties in interest at the public hearing. The word 'investigation' often connotes an inquiry according to judicial methods."

On page 169 the court said:

"The record shows that as to form and procedure the respondent in conducting the hearing and making his order fixing the premium rates did not conform to the provisions of said Section 113B. He based his decision in an important particular upon matters not in evidence before him. * * * But the irregularity of the respondent with respect to the hearing strikes at the vitals of fundamental rights."

See, also, *Farmers' Elevator Co. of Yorkville* v. *Chicago, R. I. & P. Ry. Co.*, 266 Ill., 567, 107 N. E., 841.

In the case at bar the record clearly shows that the board gave much weight to the alleged facts which were not made a part of the record. The action of the board in this regard was prejudicially erroneous and amounted to a denial of due process. We conclude that the decision of the board was unreasonable and unlawful. This assignment being well made, the decision of the board will be reversed.

Counsel for the Tax Commissioner contend that if the alleged facts above quoted were excluded there is still sufficient evidence in the record to sustain the decision of the board. The contention is made that this court should proceed to consider the evidence and determine whether there is evidence of a substantial character to sustain the decision of the board, citing *Interstate Commerce Commission* v. *Louisville & Nashville Rd. Co., supra* (227 U. S., 88). Under Section 5717.04, Revised Code, if this court finds the decision of the board to be unreasonable or unlawful "the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." Without doubt, there will be cases arising where the court will see fit to modify the order and enter final judgment. In our opinion this is not a case where this court

should enter final judgment. In *Fiddler* v. *Board of Tax Appeals,* 140 Ohio St., 34, 42 N. E. (2d), 151, the syllabus is as follows:

"Upon appeal from a decision of the Board of Tax Appeals, when it is found from a consideration of the record that the tax valuation placed upon a parcel of Ohio real estate is unreasonable, the decision of the Board of Tax Appeals will be reversed and the cause remanded for revaluation."

This same question arose in the case of *American Employers' Ins. Co.* v. *Commissioner of Insurance, supra* (298 Mass., 161), and on page 169 the court said:

"They urge that power to 'modify, amend, annul, reverse or affirm' the order of the commissioner and 'make any appropriate order or decree' is broad enough to warrant such action. In general the fixing of rates for public service is a legislative and not a judicial act."

In our opinion the board first should be given an opportunity to consider the evidence properly presented and make an order based on such evidence. In *Miami Cigar & Tobacco Co.* v. *Peck, Tax Commissioner,* 99 Ohio App., 60, 130 N. E. (2d), 729, this court found the decision of the Board of Tax Appeals to be unreasonable and remanded the cause to the board for further consideration.

We find no other assignment of error well made, except that part of assignment of error No. 3 in which it is claimed that the decision was unreasonable. The record does not support assignment of error No. 2, inasmuch as all the common stockholders were minority stockholders. The question as to whether a different valuation should be placed upon the stock held by a minority stockholder, as compared with stock held by a majority stockholder, does not arise.

In conformity to the ruling in *Fiddler* v. *Board of Tax Appeals, supra* (140 Ohio St., 34), where the same statute and power of the court was under consideration, this cause is remanded to the board for revaluation.

*Decision reversed and cause remanded.*

HORNBECK, P. J., and CRAWFORD, J., concur.